UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN A. WADSWORTH,

          Petitioner,

      v.

UNITED STATES OF AMERICA,

          Respondent.

Case No. 4:23-cv-04023-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion to Strike. (Doc. 15). The Petitioner, Justin A. Wadsworth, filed this motion on May 17, 2024. Being duly advised in the premises, having fully considered the issues and arguments raised, the Court **DENIES** the motion.

On June 30, 2022, Wadsworth pled guilty to Attempted Enticement of a Minor and Attempted Commercial Sex Trafficking of a Child. (Case No. 4:20-cr-40045-JPG-1, Doc. 62). Later, Wadsworth filed a Motion to Vacate, Set Aside, or Correct Sentence on December 26, 2023. (Doc. 1). In his habeas petition, Wadsworth makes a number of claims. Among those claims, Wadsworth alleges that he had ineffective assistance of counsel because his trial counsel, Federal Public Defender Kim C. Freter, did not file a notice of appeal when he asked her to. The Court ordered the Government to respond by March 11, 2024. (Doc. 4). The Government requested an extension of time to reply on February 12, 2024, stating that they required additional time to review the transcripts and to obtain a written affidavit from Freter. In light of these circumstances, the Court granted the Government's motion, (Doc. 7), and later granted the Government's motion to authorize Freter to provide a written response, finding that Wadsworth had waived the attorney-client privilege. (Doc. 9).

On May 7, 2024, the Government moved for an additional extension, stating that Freter was still in the process of writing her affidavit. (Doc. 13). The following day, on May 8, the Court granted the Government's motion. (Doc. 14).

Wadsworth wishes to strike the Government's motion. In his motion, Wadsworth claims that the Government has given insufficient reason for an extension.

He is mistaken.

Before addressing the merits of his motion, or rather, the lack thereof, the Court must address the defects in Wadsworth's Certificate of Service. Wadsworth certified under penalty of perjury that he sent his motion via Postal Service on the "7th day of *April*, 2024." (Doc. 15) (emphasis added). However, the motion for extension was filed on *May* 7. Therefore, it is impossible for Wadsworth to have filed his motion on April 7—a month before the motion for extension was filed. While this appears to be a scrivener's error, Wadsworth is advised to ensure his certificate of service is correct in the future.

Turning to the claims in his motion, Wadsworth claims that "the Government request[ed] an additional 30 days to file with no explanation why such a response could not be done in 3 months (sic) time." (*Id.*). Wadsworth's motion is erroneous for several reasons.

First, the Government states that it sought its first extension of time "to allow it time to get transcripts of the change of plea and sentencing hearings and to get an affidavit from defense counsel addressing the allegations in the petition." (Doc. 13). The Government's motion continues: "Wadsworth's defense counsel, Federal Public Defender (FPD) Kim Freter, has agreed to provide the Government with an affidavit addressing the allegations in Wadsworth's petition." (*Id.*). However, "FPD Freter *is still drafting the affidavit. The Government will need time to write the motion once it receives the affidavit.*" (*Id.*) (emphasis added). Contrary to

providing "no explanation why such a response could not be done in 3 months," (Doc. 15), the Government explains *precisely* why their response could not be completed in time. The Government explained why it needed the initial extension *and* the reasons for why they have yet to complete their motion: FPD Freter is still drafting her affidavit and the Government will need time to review that affidavit before writing their motion or reply.

Despite clearly stating the reasons for an extension, Wadsworth erroneously states that "[t]he Government only avers that Wadsworth will not be prejudiced." (Doc. 15). While the Government states that Wadsworth would not be prejudiced by an additional delay, this is not the only reason the Government gives—far from it.

Regardless of whether Wadsworth understands the reasons for the delay he claims that the Government's explanation "is not a reason for additional time." (Doc. 15). The Court is empowered by Federal Rule of Civil Procedure 6(b)(1) to extend a party's time to respond to a motion for good cause. The Court determines whether good cause exists. As the Court determined, good cause existed here. Wadsworth alleges his counsel was ineffective and, in order to respond to that allegation, the Government requires a sworn affidavit by his counsel and time to write their motion or reply after reviewing that affidavit. This is more than sufficient reason to request additional time, in fact, it would be inappropriate for the Government *not* to request an extension. None of the arguments presented by Wadsworth are persuasive and the Court sees no reason to revoke the previously granted extension—especially when the first extended deadline, May 10, 2024, has already passed.

Moreover, Wadsworth claims, contrary to the Government's contention, that he will be prejudiced by a thirty-day extension because "he is serving a term of imprisonment for a crime he did not meet every essential element [of]." (Doc. 15). This statement appears to relate back to

his § 2255 claim regarding an alleged deficiency in his attorney's advice when he pled. Without opining on the merits of his pending petition, the Government correctly points out that Wadsworth is serving a term of imprisonment of 180 months. Wadsworth is not due for release for another eleven years—November 23, 2035, to be precise. Put another way, Wadsworth has an additional 4,202 days left on his sentence. He will not be prejudiced by waiting an additional 30 days for the Government to file an informed reply to his motion.

Furthermore, while Wadsworth appears to have submitted his motion before the Court's order, a motion to strike is inappropriate. Motions to strike are disfavored, *Kokak LLC v. Auto-Owners Ins. Co.*, 2019 U.S. Dist. LEXIS 158218, *3 (N.D. Ind. 2019), especially when the Local Rules permit parties the opportunity to respond to a motion in opposition. Local Rule 7.1(b)(2)(A). Therefore, even were the Government's motion improper, a motion to strike that motion would be inappropriate.

## **CONCLUSION**

For all these reasons, Wadsworth's motion, (Doc. 15), is hereby **DENIED**.

**IT IS SO ORDERED.**
**DATED:  May 22, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**