UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN A. WADSWORTH,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 4:23-cv-04023-JPG<br><br>Criminal No. 4:20-cr-40045-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a motion for extension of time to reply. (Doc. 23). Wadsworth submitted his motion in the prison mail system on June 14, 2024. Wadsworth seeks a forty-five (45) day extension of time to file a reply to the Government's response, (Doc. 17), to his § 2255 petition. (Doc. 1).

Originally, per the Court order, (Doc. 4), Wadsworth was given fourteen (14) days to reply to the Government's response. Following the Government's response, this Court found that some his claims were frivolous. Specifically, the Court found that Wadsworth's claim that his attorney—Kim Freter—was ineffective for advising him to plead guilty was frivolous, but that there was insufficient evidence to resolve the claim that he directed his attorney to file a notice of appeal. (Doc. 19). The Court agreed with the Government that an evidentiary hearing was required to determine the veracity of the failure to appeal claims and *only* those claims; therefore, the Court deferred ruling on the petition. (Id.). Currently, the evidentiary hearing is set for July 23, 2024. (Doc. 21). Per the Rule 8 of the Rules Governing Section 2255 Proceedings, the Court has appointed Robert L. Elovitz to represent Wadsworth in the evidentiary hearing. (Doc. 24).

Wadsworth's requested extension is timely and, if granted, would allow Wadsworth until Sunday, August 4, 2024, to reply to the Government's response. As the evidentiary hearing is scheduled for July 23, a reply date of August 4 would allow Wadsworth an additional twelve (12) days to incorporate the events of the evidentiary hearing into his reply. However, given that his proposed filing date would fall on a weekend, and the Court initially provided Wadsworth fourteen (14) days to reply, the Court finds it appropriate to extend Wadsworth's time to reply by forty-seven (47) days to allow him additional time to incorporate the evidentiary hearing into his arguments.

Being duly advised in the premises, having fully considered the issues and arguments raised, the Court hereby **GRANTS in part** Wadsworth's motion for extension of time to reply. (Doc. 23). Wadsworth's reply will be due no later than Tuesday, August 6, 2024. However, Wadsworth is **ADVISED** that the Court found his claim that Freter was ineffective for advising him to plead guilty was frivolous; therefore, just as the scope of the evidentiary hearing shall be confined to the failure to appeal claim, so to shall the scope of his reply brief be confined to that claim.

**IT IS SO ORDERED.**
**DATED:  June 26, 2024**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**